**In re AIR CRASH AT BELLE HARBOR, NEW YORK, ON NOVEMBER 12, 2001.**

No. 1448.

Judicial Panel on Multidistrict Litigation.

April 22, 2002.

**1380**

BEFORE: WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

██ This litigation currently consists of the 33 actions listed on the attached Schedule A and pending in four federal districts as follows: 21 actions in the Eastern District of New York, six actions in the Northern District of Texas, five actions in the Southern District of New York, and one action in the Central District of California.[1] Before the Panel are three motions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings of the actions in this litigation. All movants and respondents support centralization, but they differ on the choice of transferee district.

Common defendants AMR Corporation and American Airlines, Inc. (American Airlines) move the Panel to transfer the actions to the Eastern District of New York. Plaintiffs in two Eastern District of New York actions support transfer to that district. Eight plaintiffs in five Southern District of New York actions move the Panel to transfer the actions either to the Eastern District or to the Southern District of New York. Plaintiffs in 22 actions, thirteen in the Southern District and nine in the Eastern District, support transfer to either of these New York districts. Plaintiff in one Eastern District of New York action also supports transfer to either New York district, but strongly prefers transfer to the Southern District of New York. Plaintiffs in five Northern District of Texas actions move for transfer to that district. Plaintiffs in eight potential tag-along actions in the Northern District of Texas also support transfer to that district.

On the basis of the papers filed and hearing session held, the Panel finds that the 33 actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of American Airlines Flight 587 on November 12, 2001. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

██ We are persuaded that the Southern District of New York is the appropriate transferee forum for this docket. We note that i) given the origination of Flight 587 at John F. Kennedy International Airport and the situs of the crash in Belle Harbor, New York, many witnesses and documents will likely be found in the New York metropolitan area; ii) of the 79 known federal court actions arising from the Flight 587 crash, 24 are pending in the Southern District of New York; iii) the Southern District of New York courthouse in Manhattan provides a convenient and

---

**1.** In addition to the 33 actions presently before the Panel, the Panel has been notified of 46 related actions pending in federal courts as follows: nineteen actions in the Southern District of New York, fourteen actions in the Eastern District of New York, ten actions in the Northern District of Texas, and one action each in the Southern District of Florida, the District of Puerto Rico and the District of Rhode Island. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

accessible forum for participants in the coordinated or consolidated pretrial proceedings; and iv) the judge to whom we are assigning this litigation has pertinent experience in complex air crash litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1448—In re Air Crash at Belle Harbor, New York, on November 12, 2001*

*Central District of California*

Moses Perez De Los Santos, et al. v. American Airlines, Inc., et al., C.A. No. 2:01–10120

*Eastern District of New York*

Ruth Restituyo, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–7885

Juan Francisco Bello, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–7886

Michael Morley, Jr., et al. v. American Airlines, Inc., et al., C.A. No. 1:01–7969

Patricia Elise Mills, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8105

Candida Urena, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8210

Johanne Phanord, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8258

Esther Rodriguez, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8295

Norma Patricia Camac Rodriguez Jimenez, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8529

America Martinez, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8585

Auriacelis Matias, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8586

Rafael Leonardo Alvarez, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8587

Ana Maria Mena, etc. v. American Airlines, Inc., et al., C.A. No. 1:01–8588

Gladys Moralez, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–63

Augustina Sarita, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–146

Carlos Fernandez, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–147

Gabriel Arias, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–148

Patricia A. Rosa, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–149

Mia Lutz, et al. v. American Airlines, Inc., et al., C.A. No. 1:02–302

Yoselin Aurora Estepan de Peralta, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–366

Yoselin Aurora Estepan de Peralta, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–367

Fabrizio Oskar Carry, et al. v. American Airlines, Inc., et al., C.A. No. 1:02–394

*Southern District of New York*

Margarita del Carmen Montan, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–439

Celso Cedeno, etc. v. American Airlines, Inc., et al., C.A. No. 1:02–614

Manuel Antonio Ventura, et al. v. American Airlines, Inc., et al., C.A. No. 1:02–615

Juan Bautista Abreu, et al. v. American Airlines, Inc., et al., C.A. No. 1:02–616

Wendy Araujo, et al. v. American Airlines, Inc., et al., C.A. No. 1:02–617

**1382**

*Northern District of Texas*

*Jose D. Almonte v. American Airlines, Inc.,* C.A. No. 3:02–24

*Milagros Guillermo Cabrera v. American Airlines, Inc.,* C.A. No. 3:02–25

*Mayra Altagracia Abad, etc. v. American Airlines, Inc.,* C.A. No. 3:02–44

*Rafael Emilio Cuello, et al. v. American Airlines, Inc.,* C.A. No. 3:02–83

*Jose F. Concepcion, et al. v. American Airlines, Inc.,* C.A. No. 3:02–84

*Franklyn Hernandez, etc. v. American Airlines, Inc.,* C.A. No. 3:02–85